# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM SHAW and<br>KATHRYN SHAW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  05-3181 |
| | ) | |
| NORMAN TRANQUILLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on (1) the Motion to Dismiss (d/e 3) filed by Defendants Joe Rusciolelli, the Village of Riverton, James C. Lawley, Eric C. Mills, Dave Smith (the Riverton Defendants), and certain other unknown officers of the Riverton Police Department; and (2) the Motion to Dismiss Count VII (d/e 19) filed by Defendant Norman Tranquilli.  For the reasons set forth below, the Riverton Defendants' Motion is allowed in part and denied in part.  The official capacity claims against the individual Riverton Defendants are dismissed, and Counts III, V, and IX of the Complaint (d/e 1) are dismissed, but Plaintiffs are given

leave to re-plead those Counts.  Defendant Tranquilli's Motion is allowed.

## STATEMENT OF FACTS

For purposes of both Motions, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Shaws.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed unless it appears beyond doubt that the Shaws can prove no set of facts that would entitle them to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The Shaws allege that they have owned property located at 104 East Lincoln, Riverton, Illinois, since 1988.  In the 1920s, the State of Illinois took, through condemnation proceedings, an easement over a portion of the property located at 104 East Lincoln for the purpose of building a highway (Highway Easement Property).  The fee title to the Highway Easement Property has remained with the owner of the property located at 104 East Lincoln and is currently owned by the Shaws.  The State of Illinois has never built on the Highway Easement Property.

Sometime after 1988, Defendant Tranquilli purchased property

located at 200 East Lincoln.  Tranquilli's property at 200 East Lincoln is adjacent to 104 East Lincoln, and specifically adjacent to the Highway Easement Property.  Beginning in the late 1990s, Tranquilli began to claim a right to possess the Highway Easement Property.  He claimed alternatively that the State of Illinois owned the fee interest in the Highway Easement Property or that he owned the fee.  He made this claim to the Illinois Department of Transportation, the Village of Riverton, and to Defendant Rusciolelli.  Rusciolelli is President of Defendant Village of Riverton, Illinois.  Tranquilli also made these claims to various Riverton police officers, the Shaws, and others.

The Shaws allege that Tranquilli and the Riverton Defendants conspired to deny the Shaws their ownership of the Highway Easement Property and to give Tranquilli possession and control over the Highway Easement Property.  The Defendants allegedly used the power and authority of the Village of Riverton and the Riverton Police Department to further this conspiracy.

According to the Complaint, Bill Shaw's problems with the Riverton Police Department date back to 1995, before the dispute over the Highway Easement Property arose.  In 1995, Plaintiff Bill Shaw was taken into

custody by the Riverton Police Department (the 1995 Incident).  He was physically injured while in custody.  Bill Shaw did not possess a gun and did not make any threats against any police officer during the 1995 Incident. He was never charged as a result of the 1995 Incident.  Following this incident, Bill Shaw filed a civil rights suit against the Village of Riverton police officers which was settled.

In 1997, Tranquilli obtained a permit to construct a driveway on the Highway Easement Property.  The Shaws allege that he secured this permit by giving false information to the Illinois Department of Transportation. Rusciolelli, the Village of Riverton, and officials of the Village of Riverton, including the Police Department, assisted Tranquilli in this conduct. Tranquilli then built a driveway across the Highway Easement Property.

In February 2002, Bill Shaw parked his car on the Highway Easement Property.  Tranquilli called the Riverton Police Department.  Defendant Police Chief Smith and Officer Greg Woods arrived at the scene.  Bill Shaw offered to prove to the officers that he owned the Highway Easement Property, but the officers refused to look at his documentation.  Tranquilli asserted that he owned the Highway Easement Property.  Based on Tranquilli's statements, Defendants Smith and Officer Woods arrested Bill

Shaw for criminal trespass.  No charges were filed.

On July 12, 2004, Tranquilli again called the Riverton Police Department to complain that Bill Shaw was trespassing on the Highway Easement Property.  Riverton Police Officer Kremitzki came to the scene and warned Bill Shaw to stay off the Highway Easement Property.  On July 18, 2004, Tranquilli again called the Riverton Police Department to allege that Bill Shaw was trespassing on the Highway Easement Property. Defendant Officer Lawley arrived at the scene.  Tranquilli accused Bill Shaw of trespassing.  Tranquilli claimed that the Highway Easement Property was owned by the State of Illinois.  Tranquilli alleged that Bill Shaw was trespassing on the driveway that Tranquilli constructed there.

Lawley then called for backup.  Lawley falsely represented to other officers that Bill Shaw had threatened a police officer with a gun during the 1995 Incident.  This false representation was also published to the entire Village Board of the Village of Riverton and in the written police report concerning this incident.  Lawley and unknown Officers SG 101, 120, 113, and 106 came to Bill Shaw's house and arrested him for criminal trespass. At the time, Bill Shaw offered to prove that he owned the Highway Easement Property, but the officers refused to look at his documentation.

Bill Shaw was handcuffed, placed in a Riverton squad car, and transported to the Sangamon County, Illinois, jail.  No charges were filed.

On November 17, 2004, Bill Shaw was on his property at 104 East Lincoln, either at or near the Highway Easement Property.  He was taking pictures of that area.  Tranquilli saw Bill Shaw and approached him. Tranquilli started an argument with Bill Shaw.  Tranquilli lunged at Bill Shaw and attempted to grab the camera.  Bill Shaw deflected Tranquilli's attempt to grab the camera and returned home.  Tranquilli then called the Riverton Police Department and complained that Bill Shaw had battered him.  Defendant Officer Mills responded to the call.  Officer Mills contacted other police officers to request backup.  In requesting backup, Officer Mills falsely represented that Bill Shaw threatened an officer with a gun during the 1995 Incident.  The false accusation was again published to other officers, the Village Board of the Village of Riverton and in the written police report of the incident.  The false accusation has been widely disseminated among law-enforcement officials in the area.

Other police officers, including Defendant Police Chief Smith, arrived at Tranquilli's property and came to Bill Shaw's home.  The officers arrested Bill Shaw for battery.  Bill Shaw stated that he did not batter Tranquilli;

rather Tranquilli battered him.  Shaw asked the officers to arrest Tranquilli or at least allow him to file a complaint.  The officers refused.  The officers handcuffed Bill Shaw and placed him in a squad car.  The officers then searched Shaw's garage and home.  Plaintiff Kathryn Shaw then arrived and demanded an explanation, at which time the officers left the Shaws' property.

The officers took Bill Shaw to the Sangamon County, Illinois, jail.  Bill Shaw was charged with battery.  A jury trial was held on April 11 and 12, 2005.  Shaw was acquitted.  During the trial, Officer Mills testified falsely that Bill Shaw never requested that Tranquilli be arrested for battery.

Based on these events, the Shaws allege ten causes of action against the Defendants.  Counts I through IV allege federal civil rights claims pursuant to 42 U.S.C. § 1983.  Counts V through X allege supplemental state law claims.  The Complaint alleges: deprivation of liberty without due process of law (Count I); deprivation of property without due process of law (Count II); denial of equal protection (Count III); unlawful search and seizure (Count IV); abuse of process (Count V); false arrest (Count VI); malicious prosecution (Count VII); false imprisonment (Count VIII); defamation (Count IX); and loss of consortium (Count X).  The Riverton

Defendants move to dismiss all claims against them.  Defendant Tranquilli moves to dismiss the claim of malicious prosecution in Count VII to the extent that the claim is based on the arrest on July 18, 2004.  The Court will address the Riverton Defendants' Motion first, and then Tranquilli's Motion.

I.     Riverton Defendants' Motion

       A.     Eleventh Amendment Defense

       The Riverton Defendants assert the Eleventh Amendment as a defense to all the claims brought against them in their official capacities.  Rusciolelli is named as a Defendant in his official capacity only, and Defendants Lawley, Mills, Smith, and the unknown officers are named in both their official and their individual capacities.  The Village of Riverton is also named as a Defendant.  The Eleventh Amendment bars actions for damages in federal court against a state and state officials named in their official capacities.  See Hafer v. Melo, 502 U.S. 21, 30-31 (1991).  The Riverton Defendants, however, are municipal officials, and so do not have Eleventh Amendment immunity.  DeGenova v. Sheriff of DuPage County, 209 F.3d 973, 975 (7th Cir. 2000).  The case relied on by the Riverton Defendants concerned sheriff's deputies who were executing an order of a state court.

When executing an order of the state court, these deputies acted as state officials.  Thomas v. Sheahan, 370 F.Supp.2d 704, 708-09 (N.D. Ill. 2005). Here, however, there is no allegation that any of these officers were executing state court orders.  They were acting in their capacities as municipal officers.  They have no Eleventh Amendment immunity.

The claims against the individual Riverton Defendants in their official capacities, however, are redundant to the claims against the Village of Riverton itself.  A § 1983 action against a municipal official in his official capacity is the same as an action against the municipality.  Armstrong v. Squadrito, 152 F.3d 564, 582 (7th Cir. 1998).  Since the Village of Riverton is named as a Defendant, there is no need to name the individual Riverton Defendants in their official capacities.  The official capacity claims against Defendants Lawley, Mills, Smith and the unknown Riverton officers are dismissed.  Defendant Rusciolelli is only being sued in his official capacity, and so, all claims against him are dismissed, and he is dismissed from the case.

B.    Qualified Immunity

The Riverton Defendants also argue that they are entitled to the defense of qualified immunity for all claims.  The individual Riverton

Defendants may assert qualified immunity as an affirmative defense to the § 1983 claims in Counts I through IV. The defense provides that an individual is not liable for damages under § 1983 if the wrongfulness of the misconduct was not clearly established at the time of the events. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Village of Riverton cannot assert a defense of qualified immunity; only individuals can assert this defense. Armstrong, 152 F.3d at 582. The Court, further, is not aware of a qualified immunity defense to any of the state law tort claims in Counts V through X, and the Riverton Defendants have not cited any authority for this proposition. The Court, therefore, will not dismiss Counts V through X based on claims of qualified immunity.

The Court, further, will not dismiss the § 1983 claims against the individual Riverton Defendants at this time because qualified immunity is an affirmative defense. The Shaws are only required to state a short plain statement of their claim. Fed. R. Civ. P. 8(a). They are not required to allege facts to demonstrate that they can disprove an affirmative defense. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Therefore, the Court will not dismiss Counts I through IV based on qualified immunity at this time.

C.    Count I

Count I alleges a violation of Bill Shaw's constitutional rights because the Defendants arrested him without probable cause.  Municipal officers who arrest an individual without probable cause violate the individual's rights under the Fourth and Fourteenth Amendments.  Beck v. State of Ohio, 379 U.S. 89, (1964).  See Tangwall v. Stuckey, 135 F.3d 510, 518 (7th Cir. 1998).  For purposes of the Riverton Defendants' Motion, the Court must assume that the officers lacked probable cause to arrest Bill Shaw on July 18, 2004, and November 17, 2004, and so violated his rights. Count I states a claim against the individual officers involved.

The Complaint further alleges that the officers took this actions as part of a larger conspiracy against Bill Shaw.  The conspiracy included the Village of Riverton.  These allegations are sufficient to state a cause of action that the Village of Riverton had a policy to harass Bill Shaw and that these illegal arrests were part of that policy.  The existence of the policy is sufficient to state a claim for municipal liability against the Village of Riverton for the acts of the officers.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694-95 (1978).  Count I states a claim.

D.    <u>Count II</u>

Count II alleges that the Defendants conspired to deny the Shaws their ownership of the Highway Easement Property without due process. The Complaint alleges that the Defendants committed several acts in furtherance of this conspiracy, including the arrests of Bill Shaw on July 18, 2004, and November 17, 2004. When read in the light most favorable to the Plaintiffs, these allegations are sufficient to claim that the Riverton Defendants and Tranquilli denied the Shaws their right to the Highway Easement Property. The allegations further state that the Defendants did not afford the Shaws any process before or after they denied them the use of the property. The allegations state a claim. <u>See</u> <u>Reed v. Village of Shorewood</u>, 704 F.2d 943, 949 (7th Cir. 1983) (preventing a person from enjoying the exclusive use of property constitutes a denial of property for due process purposes).

The Riverton Defendants argue that the allegations fail to allege that the Shaws were actually denied use of the property. The Court disagrees. Bill Shaw alleges he was arrested numerous times when he attempted to go onto the Highway Easement Property. He was clearly denied the use of the property at those times. Shaw further alleges that the Defendants conspired

with Tranquilli for Tranquilli to secure a permit so that he could build a driveway on the Highway Easement Property. This clearly violated the Shaws' alleged property interest. The continued use of the driveway by Tranquilli further violated the Shaws' alleged ownership interest in the property. The Riverton Defendants allegedly assisted Tranquilli in his continued wrongful possession and use of the Highway Easement Property. Those alleged acts denied the Shaws their property without any process. Count II states a claim.

      E.    <u>Count III</u>

Count III asserts a claim for a denial of equal protection. The Shaws attempt to assert a class-of-one equal protection claim. To assert a class-of-one equal protection claim, the Shaws must allege that they were treated differently than other similarly-situated individuals, and that the Defendants treated them differently due to an illegitimate animus or other improper motive. <u>Purze v. Village of Winthrop Harbor</u>, 286 F.3d 452, 455 (7th Cir. 2002). The Shaws fail to state a claim for denial of equal protection. The Shaws allege that the Riverton Defendants harmed them and acted out of an improper motive, but fail to allege that the Riverton Defendants treated similarly situated-individuals differently. The Shaws

allege that the Riverton Defendants treated Tranquilli more favorably than them, but the Shaws do not clearly allege whether they believe Tranquilli was similarly-situated.  Arguably, the Shaws' alleged situation is different from Tranquilli's in that the Shaws allege that they own the Highway Easement Property and that Tranquilli does not.  The Shaws ask for leave to amend the Complaint if any Count is dismissed.  The Court will grant leave to amend this Count.  The Shaws are given leave to amend this Count; they should do so if they have a proper basis to allege that they were treated differently than similarly-situated individuals.

F.    <u>Count IV</u>

Count IV asserts a violation of the Shaws' right to be free from illegal searches and seizures.  An illegal search and seizure by a municipal official violates an individual's rights under the Fourth and Fourteenth Amendments.  <u>Beck</u>, 379 U.S. at 91.  Bill Shaw alleges that he was arrested without probable cause.  This allegation states a claim, but is redundant of the claim in Count I.  The Shaws, however, also allege that the officers searched their home and garage on the November 17, 2004, incident to the illegal arrest.  If the officers arrested Bill Shaw illegally, then the search incident to that arrest is also illegal.  <u>Id.</u>  The Shaws state a claim in Count

14

IV for the illegal search of their home and garage on November 17, 2004.

G.    Count V

Count V alleges a claim for abuse of process.  The Shaws allege that the Defendants conspired to arrest and prosecute Bill Shaw on July 18, 2004, and November 17, 2004, for the ulterior purpose of forcing him to give up his claim to the Highway Easement Property.  To state a claim for abuse of process, the Shaws must allege: (1) the existence of the ulterior purpose for motive, and (2) some act in the use of legal process that was not proper in the regular prosecution of a proceeding.  Kumar v. Bornstein, 354 Ill.App.3d 159, 165-66, 820 N.E.2d 1167, 1173 (2004).  In this case, the Shaws fail to allege that the Defendants used any legal process.  Legal process is a means used by a court to acquire or exercise jurisdiction over a person or property.  Id. at 167.  The officers allegedly arrested Bill Shaw without probable cause twice in 2004, but the Complaint does not allege that the officers executed a warrant or other legal process issued by a court. Thus, the two arrests were not abuses of process.  The Complaint alleges that Shaw was charged with battery, but it does not allege that any legal process was used.  Filing a charge does not constitute abuse of process; a court must issue process.  Id.  There is no allegation that a court ever issued

any process.  Count V therefore fails to state a claim.  The Court will again allow the Shaws to amend their pleadings of Count V.  They should do so only if they have a proper basis to allege that the Defendants abused some court-issued legal process.

H.    Counts VI and VIII

Count VI asserts a claim for false arrest and Count VIII asserts a claim for false imprisonment.  The elements for these two theories are the same. To state a claim for false imprisonment or false arrest, the Shaws must allege a restraint or arrest caused or procured by a Defendant without having reasonable grounds to believe that an offense was committed by a plaintiff. Davis v. Temple, 284 Ill.App.3d 983, 990, 673 N.E.2d 737, 742 (1996). The Shaws allege that the Defendants conspired to force them to give up the Highway Easement Property and, to further that conspiracy, the Defendant officers arrested Bill Shaw without probable cause on July 18, 2004, and November 17, 2005.  These allegations state a claim.  The Defendants argue that the officers had a reasonable basis for arresting Bill Shaw on those dates.  This is an issue of fact.  The Court must assume the allegations in the Complaint are true at this point and that the officers did not have a reasonable basis for their actions.

The Defendants also argue that Bill Shaw's criminal battery proceeding precludes any claim that the officers lacked probable cause to arrest on November 17, 2005. The Riverton Defendants argue that because the criminal battery charge went to trial, either: (1) the trial court found that probable cause existed before going to trial, or (2) Bill Shaw waived the issue. The Complaint does not allege whether the criminal trial court held a probable cause hearing in Bill Shaw's battery proceeding. Thus, the Court cannot assume that a finding of probable cause was made. Even if the criminal trial court made a finding of probable cause, however, the decision would not have preclusive effect; Shaw did not have the opportunity to challenge such a preliminary order on appeal because he was acquitted. See Toro v. Gainer, 370 F.Supp.2d 736, 740-41 (N.D. Ill. 2005).

The Defendants cite no authority for their alternate waiver argument. The Court does not believe that a criminal defendant's tactical decision to forego a probable cause hearing in a criminal proceeding constitutes a waiver of that issue in any subsequent civil case. The Court will not dismiss these Counts based on this novel theory absent some authority. Bill Shaw may proceed with the false arrest and false imprisonment claims.

I.   Count VII

Count VII asserts a claim for malicious prosecution. To state a claim for malicious prosecution, a plaintiff must establish: (1) the plaintiff is subject to judicial proceedings; (2) for which there is no probable cause; (3) that the defendant instituted or continued proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) injury. Meerbrey v. Marshall Field and Co., 139 Ill.2d 455, 473, 564 N.E.2d 1222, 1231 (1990). Bill Shaw has alleged these elements with respect to his November 17, 2004, arrest and subsequent prosecution for battery. He alleges that the Defendants conspired to harass him into giving up the Highway Easement Property. As part of this conspiracy, the Defendants had him arrested and charged with battery. Bill Shaw was tried for battery and acquitted. During the trial, Defendant Mills allegedly testified falsely that Shaw did not ask Mills to arrest Tranquilli. Bill Shaw states a claim for malicious prosecution with respect to the battery prosecution.

Count VII also seems to assert a claim for malicious prosecution based on the July 18, 2004, arrest. No prosecution resulted from that arrest, so that arrest cannot be a basis for a malicious prosecution claim. The

malicious prosecution claim is limited to the battery prosecution.[1]

The Riverton Defendants also argue that the prosecutor decided whether to proceed with the battery charge, not them. A claim of malicious prosecution can be brought against individuals who sought the prosecution; they are not insulated from liability because they persuaded a prosecutor to pursue a charge that they knew was groundless, and then participated in the proceedings. See Denton v. Allstate Ins. Co., 152 Ill.App.3d 578, 583, 504 N.E.2d 756, 760 (1986) (individual can be liable for malicious prosecution if he either initiated the proceedings or actively participated in the proceedings). Bill Shaw states a claim.

J.    Count IX

Count IX attempts to allege defamation. The Shaws allege that Defendants Lawley and Mills falsely stated that Bill Shaw had threatened an officer with a gun in 1995. He alleges that the officers knew or should have known that the statement was false, the officers published the statement to third parties, and Bill Shaw suffered damage thereby. Complaint, ¶¶ 72-75. The allegations do not state a claim for defamation.

---

[1] The Court does not decide whether evidence of the July 18, 2004, arrest may be admissible to prove the malicious prosecution claim.

19

In Illinois, a plaintiff must either allege that the publication of the false statements was unprivileged or that the publication was made maliciously. Krasinski v. United Parcel Service, Inc., 124 Ill.2d 483, 490, 530 N.E.2d 468, 471 (1988). The Shaws do not allege malice; rather, they allege that Lawley and Mills knew or should have known that the statement they published was false. The Shaws further do not allege whether the publications were unprivileged. See Kuwik v. Starmark Star Marketing and Admin., Inc., 156 Ill.2d 16, 24, 619 N.E.2d 129, 133 (1993) (discussing concept of qualified privilege). The Shaws are given leave to replead Count IX. They should do so only if they have a proper basis to allege either that the publications were unprivileged or that the Defendants acted maliciously.

K.    Count X

Count X alleges a claim for loss of consortium by Kathryn Shaw. The Riverton Defendants argue that she fails to state a claim because Bill Shaw fails to state a claim in the prior Counts. Since Bill Shaw states a claim in Counts VI, VII and VIII, Kathryn Shaw states a claim for loss of consortium. See Monroe v. Trinity Hospital-Advocate, 345 Ill.App.3d 896, 898, 803 N.E.2d 1002, 1005 (2003).

II.    Tranquilli's Motion

Defendant Tranquilli moves to dismiss the part of Count VII that alleges malicious prosecution based on the July 18, 2004, arrest.  As explained above, the July 18, 2004, arrest cannot be the basis for a malicious prosecution claim because no prosecution resulted.  Defendant Tranquilli's Motion is therefore allowed.

THEREFORE, the Riverton Defendants' Motion to Dismiss (d/e 3) is ALLOWED, in part, and DENIED, in part; and Defendant Tranquilli's Motion to Dismiss (d/e 19) is ALLOWED.  The official capacity claims against Defendants Joe Rusciolelli, James C. Lawley, Eric C. Mills, and Dave Smith are dismissed.  Defendant Joe Rusciolelli is dismissed from the case. Counts III, V and IX are dismissed.  The claim for malicious prosecution in Count VII is limited to the battery prosecution that arose from the November 17, 2004, arrest of Bill Shaw.  The Court grants the Shaws leave to replead Counts III, V, and IX.  Any amended complaint must be filed by February 10, 2006.  The Defendants are given until February 24, 2006, to answer either the current Complaint or any amended complaint.  The parties are further directed to contact U.S. Magistrate Judge Byron G. Cudmore for the purpose of conducting a settlement conference in this case.

The parties are directed to comply fully with Judge Cudmore's procedures for settlement conferences.

IT IS THEREFORE SO ORDERED.

ENTER:   February 2, 2006.

        FOR THE COURT:

                            s/  Jeanne E. Scott
                          JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE